IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONNY JOE BROWN,                    §
aka RONNIE JOE BROWN,               §
                                    §
        Petitioner,                 §
                                    §
VS.                                 §   Civil Action No. 4:16-CV-070-Y
                                    §
LORIE DAVIS, Director,[1]           §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
        Respondent.                 §

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ronny Joe Brown, also known as Ronnie Joe Brown, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is serving a 33-year sentence on his 1981 conviction in Tarrant County, Texas, Case No. 19893, for burglary of a habitation. (Adm. R., Tr. 55, ECF No. 11-7.) The Second District Court of Appeals of Texas affirmed the trial court's

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

judgment of conviction on April 14, 1982. (*Id.*, Electronic R., ECF No. 11-1.) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals; therefore, the judgment became final on May 14, 1982. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner filed multiple post-conviction state habeas-corpus applications between 1982 and 2012 challenging his conviction, all to no avail. (Adm. R., SH01, SH02, SH03, SH04 & SH06, ECF Nos. 12-8, 12-14, 12-16, 12-17 & 12-22.)

During his incarceration, Petitioner was released on parole on February 3, 1986, which was revoked on May 16, 1989, after he absconded from supervision and was subsequently convicted on a new charge. (Adm. R., SH06 39, ECF No. 12-22.) Petitioner forfeited three years, three months, and fifteen days of "street time." On June 13, 1997, Petitioner was released on mandatory supervision, which was revoked on July 6, 1999. (Adm. R., SH06 39-40.) On September 7, 2007, Petitioner was released once again on parole, but a pre-revocation arrest warrant was executed on May 10, 2012, pending revocation. (*Id.* at 40.) Petitioner is currently in state custody. Petitioner filed three post-conviction state habeas-corpus applications between 2006 and 2015 challenging the calculation of his remaining sentence and at least one time-credit-dispute-resolution form in 2006, without relief. (Adm. R., SH05, SH06 & SH07, ECF Nos. 12-18, 12-22 & 12-25 & SH06 40, 12-22.) Petitioner

2

also filed a prior federal habeas-corpus petition challenging his sentence calculation on November 13, 2015, which was voluntarily dismissed by Petitioner on December 2, 2015. (Order of Dismissal, Brown v. State, Civil Action No. 4:15-CV-873-Y, ECF No. 6.) The instant petition was filed on January 24, 2016.[2]

Petitioner raises the following three grounds for relief:

(1)   Three years of street time was illegally added to his maximum discharge date;

(2)   He received ineffective assistance of counsel at trial and on appeal; and

(3)   The trial court abused its power by allowing the district attorney to go into the deliberation room with the jury during the guilt/innocence phase of his trial.

(Pet. 6, 10, ECF No. 1.)

## II.   RULE 5 STATEMENT

Respondent asserts that the petition should be dismissed as untimely under the federal statute of limitations. (Resp't's Answer 6-10.)

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on state prisoners seeking federal habeas relief. See 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[2]A federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioners attacking a state-court judgment which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas-corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Therefore, as to Petitioner's second and third grounds involving claims related to his 1981 judgment of conviction, he had one year from the effective date of

4

the Act to file a federal petition raising the claims, or until April 24, 1997, absent any applicable tolling. *Flanagan,* 154 F.3d at 202. Under the statutory tolling provision, Petitioner's relevant state habeas applications filed in 1982, 1984, and 1989 and finally decided before the effective date of the AEDPA do not operate to toll the limitations period. Nor do Petitioner's relevant state habeas applications filed in 2006 and 2012, after limitations had already expired, operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner's federal petition filed on January 24, 2016, is untimely as to his second and third grounds unless he is entitled to tolling as a matter of equity.

Under subsection (D), applicable to Petitioner's first ground involving his claim related to his sentence calculation, the limitations period began to run on the date on which the factual predicate of the claim could have been discovered by Petitioner through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Petitioner claims that the three years of lost street time between January 31, 1986, and May 16, 1989, was added to his maximum sentence discharge date, thereby illegally extending his sentence. Petitioner first raised the same or similar claim in 2006 at the time of his time credit dispute resolution form and state habeas application filed-stamped on October 30, 2006. (SH05, WR-11,857-05, 7, ECF No. 12-18.) Under Texas law, eligibility for credit

is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez,* 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Prior to September 2001, forfeiture of street time credit was an automatic consequence of parole revocation. *Ex parte Spann,* 132 S.W.3d 390, 393 (Tex. Crim. App. 2004). Therefore, Petitioner could have discovered that he would not receive credit for his street time upon revocation of his parole. Because the parole revocation at issue in this action occurred in 1989, before the Act's effective date, Petitioner had one year from the effective date of the Act, or until April 24, 1997, to file a federal petition raising the claim, absent any applicable tolling. Under the statutory tolling provision, Petitioner's relevant state habeas applications filed in 2006, 2012, and 2015, after limitations had already expired, did not operate to toll the limitations period. *Scott*, 227 F.3d at 263. Accordingly, Petitioner's federal petition filed on January 24, 2016, is untimely as to his first ground unless he is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner makes no credible

6

claim of actual innocence and merely asserts that his delay was due to his layman status, ignorance of the law, low I.Q., mental illness, and medications. (Pet. 10, ECF No. 1; Pet'r's Reply 6, ECF No. 15.) However, Petitioner provides no proof that a disability prevented him from pursuing his legal rights during the relevant period or that medication rendered him unable to do so. Bald assertions on a critical issue in a pro-se petition lack probative evidentiary value. *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). Nor do Petitioner's pro-se status and unfamiliarly for filing requirements support equitable tolling. These are common problems for inmates trying to pursue post-conviction habeas relief. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). Petitioner's extreme delay further mitigates against equitable tolling. Equitable tolling is not intended for those who sleep on their rights. *Fisher v. Johnson,* 174 F.3d 710, 715 (1999).

Absent any applicable tolling, Petitioner's federal petition was due on or before April 24, 1997. Therefore, his petition filed on January 24, 2016, is untimely.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred and DENIES a certificate of appealability.

SIGNED February 6, 2017.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

8